# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

    vs.                                            CR No. 10-045-ML

NAPOLEON ANDRADE

## MEMORANDUM AND ORDER

Before the Court is a Federal Rule of Civil Procedure 60(b)(3) motion (ECF No. 74) ("Motion") filed by Defendant Napoleon Andrade ("Andrade"). For the reasons that follow, the Motion is DENIED.

### FACTUAL BACKGROUND AND TRAVEL

On April 12, 2010, a Grand Jury sitting in the District of Rhode Island indicted Andrade on a single count of attempt to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. He was arrested and arraigned on the Indictment two days later. Andrade pled guilty pursuant to a written Plea Agreement on August 3, 2011. He was sentenced on November 3, 2011, to 120 months imprisonment, followed by five years of supervised release. In addition, a fine of $10,000 and a special assessment of $100 were imposed. Judgment entered on November 9, 2011.

Andrade appealed his sentence, despite having waived his right to do so pursuant to the Plea Agreement. The Court of Appeals for the First Circuit found the appeal waiver to be valid and, in a decision entered on March 6, 2013, affirmed Andrade's sentence. The First Circuit's Mandate issued on March 28, 2013.

On March 16, 2015, Andrade filed a motion pursuant to 18 U.S.C. § 3582 to reduce his

sentence based on the 2014 drug guidelines amendment (Amendment 782) to the United States Sentencing Guidelines. His § 3582 motion was granted on September 22, 2015, and his sentence was reduced to 100 months imprisonment. All other provisions of the November 9, 2011, Judgment remained the same.

Andrade filed the instant Rule 60(b)(3) Motion on May 31, 2016.[1] On July 20, 2016, the Government filed an objection to the motion (ECF No. 76) ("Objection")

DISCUSSION

Rule 60(b) provides, in relevant part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    **(1)** mistake, inadvertence, surprise, or excusable neglect;

    **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    **(4)** the judgment is void;

    **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Further, "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

---

[1] The Motion is dated May 31, 2016, and is deemed filed on that date. See Houston v. Lack, 487 U.S. 266, 270 (1988)(concluding that pleadings are deemed filed on the date prisoner relinquishes control over documents).

Andrade appears to argue that the Indictment and subsequent plea were based on a false presentation to the Grand Jury, in violation of his constitutional right to due process. Motion at 1-2; see also id. at 12. He further alleges that he was misinformed about the essential elements to which he pled guilty. Id. at 10. Lastly, Andrade contends that he "was not informed during his change of plea [hearing] that the statutory drug quantity was an element in all prosecutions of aggravated § 841 offenses" and that "this invalidated his plea under Fed. R. Crim. P. 11 ...." Id. at 14. He states that "had he known [he] would not have pled guilty ...." Id. The Government responds that (1) Andrade cannot rely on Rule 60(b) to confer jurisdiction on the Court; (2) that Andrade's Rule 60(b) Motion is really an untimely § 2255 Motion that should be dismissed on procedural grounds; and (3) in any event, Andrade's arguments are without merit. Objection at 2. Because the Court finds that the Motion should be dismissed on procedural grounds, it need not address the merits of Andrade's contentions.

First, the Motion is untimely. As noted above, Rule 60(c) states that a motion brought under Rule 60(b)(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Judgment entered in this case on November 9, 2011. See Docket. Therefore, Andrade had one year from that date to file a timely Rule 60(b) motion.

Further, although Andrade uses the term "misrepresentations" to describe his prosecutorial misconduct claim, Motion at 1, in reality he is challenging the sufficiency of the evidence in this case and the voluntariness of his plea. These are grounds properly brought in a motion to vacate sentence pursuant to § 2255. In Munoz v. United States, 331 F.3d 151 (1st Cir. 2003), the Court of Appeals for the First Circuit addressed the distinction between a Rule 60(b) motion and a motion to vacate under § 2255. Id. at 152. The court, relying on an earlier case in which it had dealt with the issue

in the context of 28 U.S.C. § 2254, applied the same reasoning in a § 2255 situation. Id. (citing Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003)).

> We hold, therefore, that a motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case should be treated as a second or successive habeas petition if–and only if–the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction. If, however, the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of Rule 60(b).

Id. at 152-53 alteration in original)(internal citations and quotation marks omitted).

The Court concludes that Andrade's Motion is, in reality, a § 2255 petition, despite its title. See id. at 153 (rejecting characterization of motion as Rule 60(b) motion because defendant challenged constitutionality of his underlying conviction and argued merits of his claims). As the Government correctly notes, it is the substance of the motion which controls, not the title. See Objection at 4 (citing cases). Andrade never filed a § 2255 motion, so the Munoz court's reference to a second or successive petition is inapplicable here. Nonetheless, the court's main point is clear–a motion challenging the constitutionality of the underlying conviction must be brought under § 2255.

Recognizing that Andrade is proceeding *pro se*, and reading his Motion liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976), even if the Court were to treat the instant Motion as a § 2255 motion, it, too, would be untimely. In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year statute of limitations for filing a § 2255 petition. 28 U.S.C. § 2255(f);[2] Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). As noted

---

[2] Section 2255 (f) provides that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of- -

above, the First Circuit's Mandate issued on March 28, 2013. See Mandate (ECF No. 64). Andrade did not seek further review by the United States Supreme Court. Therefore, his conviction became final when the time for doing so, ninety days, expired. Andrade had one year, or until June 27, 2014, to file a § 2255 motion. See 28 U.S.C. § 2255(f)(1). He filed the instant Motion almost two years after the statute of limitations expired. Accordingly, Andrade has defaulted any claims he may have had.

For the foregoing reasons, the Court DENIES the Motion.

SO ORDERED:

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge

Date: June 19, 2017

---

**(1)** the date on which the judgment of conviction becomes final;

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).